JORGE LUÏS PEREIRA ET AL., Plaintiffs and Appellees, *v.* COMMONWEALTH OF PUERTO RICO, Defendant and Appellant.

No. R-63-74.     Decided February 16, 1965.

*Rodolfo Cruz Contreras, Acting Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for appellant. *C. H. Juliá* and *Ángel Roberto Díaz* for appellees.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

Appellees Jorge Luis Pereira and Clemente Medina Ortiz jointly sued the Commonwealth of Puerto Rico claiming damages suffered as a consequence of a collision of their respective vehicles which occurred on June 23, 1959 at 8:00 a.m. at the intersection of Barbosa Avenue and 65 de Infantería Avenue. The trial court found that the Commonwealth was negligent and granted $2,845 to Clemente Medina Ortiz and $1,775.64 to Jorge Luis Pereira. The amount of these damages was proved. As a question of reality the Commonwealth does not challenge it in the present appeal. It assigns only one error: "The court erred in deciding, as a question of fact and of law, that the accident that caused the damages was the result, solely and exclusively, of defendant's fault and negligence, since said conclusion is not supported by the evidence introduced at the trial court."

The facts in the record show that the collision occurred in the center of said intersection and under the semaphore, which on said date was situated in the center thereof. They show, unquestionably, that at the time of the accident the semaphore was defective. The green light remained steady for the traffic running from west to east in 65 de Infantería Avenue, but changed lights for the traffic approaching on Barbosa Avenue. As plaintiff Clemente Medina Ortiz, who was driving his own car, approached the intersection the light changed green in his favor and he went across. His car and that of coplaintiff Jorge Luis Pereira, driven

by a chauffeur and travelling from Carolina to Río Piedras, collided in the center.

The state policeman Carmelo Alvarado, attached to the Traffic Division, testified as witness for plaintiffs. He affirmed that actually the light was defective in the sense that it remained green for both directions. That morning, between 7:00 and 7:30 a.m. he had called General Police Headquarters over his car radio and reported that the light was defective. Headquarters answered: "copied," which meant "understood." Other witnesses confirmed the fact of the abnormal condition of the lights. In addition to the defect of the light, policeman Alvarado noticed that the semaphore was low.

Witness Filiberto Correa González testified for appellant Commonwealth. He stated that on the date of the accident he was a Public Works employee, in the Bureau of Traffic and Traffic-Signals Operation. He was assistant electrician. That as part of his work he made rounds every day inspecting the different semaphores in the metropolitan area. Two days prior to the accident, Sunday, June 21st, he noticed that the semaphore in said intersection was functioning normally, but that the box was about three feet lower than it should be and reported it to Police Headquarters in order that the necessary precautions be taken in relation to trucks. He stated that because of a previous accident one of the concrete poles which supported the semaphore had split in two and the semaphore had moved down. The pole "had not completely fallen down, it was partly split and hanging down." He told a policeman that it was necessary to post a guardman there to prevent further occurrences to take precautions in relation to "trucks." He went to Headquarters at Río Piedras and reported the fact. That Sunday they sent a guardman who went there with the witness. The witness made a report to his own office of Public Works.

The semaphore was fixed the following Wednesday after the accident.

■■ The preceding witness admitted the possibility that the green light remained on for several reasons which he explained, among others, a bare wire. Nevertheless, appellant produced the expert testimony of an engineer, to the effect that technically it was absolutely impossible that the green lights were lit at the same time in opposite directions. We respect the expert testimony, but the convincing evidence in the record showed that, in fact, that was the situation when the accident occurred. Perhaps that was one of those tricks played by the machinery at times on man, notwithstanding the technique. As to the errors assigned, the findings of fact of the trial court are supported by the evidence in the record. Let us see whether the judgment is legally correct.

■■ Appellant invokes certain general principles set forth by American courts and commentators to the effect that the semaphore is a contrivance provided by the state to assist in the orderly and safe flow of traffic, and that the presence of a semaphore in an intersection or any other place does not relieve the drivers from taking all measures and precautions provided by law or advised by prudence to avoid accidents. We entirely agree. Said principles are as good there as they are here. They respond to sound standards of judgment and circumspection, and common sense. The defective performance of a semaphore, which like every mechanical apparatus may fail at some time, should not be justification for a driver who has not exercised all his care and prudence to prevent accidents. On the other hand, the green light should not be an order for a driver to drive his car against any vehicle or person who is on his way, even if they are not within their rights. As we pointed out in *Briales Aldrich* v. *Torres*, 89 P.R.R. 797 (1964), the foregoing are good standards of social conduct and there is no

reason to repudiate them, but as stated also in *Briales* every case is its own case.

■ In this case, the state did not interpose, in answering the complaint, acts of negligence on the part of plaintiffs or the violation of the rules of the Traffic Law. There is documentary evidence in the record admitted without objection to prove that the judiciary authorities in the investigation performed right after the occurrence of the events determined that it had been a fortuitous accident. They did not find any violation on the part of the drivers. Although the drivers did not violate the law or act imprudently, the accident could be produced on account of the defective operation of said semaphore. The record does not show that it could be the result of any other cause. In view of this premise it remains to decide whether, even so, the Commonwealth is liable for damages. The state should not be considered as an absolute insurer of the correct operation of its semaphores to the point of being liable whenever there is a defect therein and indistinctly under all circumstances.

■ Under the circumstances in this case it is liable because the facts show that it lacked the sense of foresight. One is liable for the events which can be foreseen, and which having been foreseen were not inevitable. Section 1058 of the Civil Code, 1930 ed. The occurrence of an automobile accident caused by the defective operation of a semaphore, especially in a heavy traffic area, is an event which falls in the sphere of probability. Hence, it should have been foreseen. Foresight is the mother of diligence insofar as it leads to cautious action. Section 1057 Civil Code. See: Footnote 1, *Márquez* v. *P.R. Telephone Co.*, 88 P.R.R. 416 (1963); *Ramos* v. *Carlo*, 85 P.R.R. 337, 342 *et seq.* (1962). Negligence does not prosper as long as the person is diligent, and the damage is prevented.

The position of said semaphore was in abnormal conditions since the days preceding the accident as a result of a previous accident. At least, and subsequent to the notice and report of the traffic policeman given within one and a half hour prior to the occurrence of the accident in the sense that the light of said semaphore had said defect, the circumstances required that the state should have posted therein the same policeman or any other agent to take charge of the situation, particularly in the intersection of the two main avenues and during the rush hours.

In view of all the circumstances set forth in the record, an accident therein due to the abnormal conditions of the light was probable. The state was guilty of fault and negligence by omission in failing to foresee it and prudently taking the necessary precautions.

The judgment granting the complaint will be affirmed.